ROBERT A. HOLLISTER, Appellant, *v.* JAMES M. SINCLAIR and HECTOR SINCLAIR, Respondents, Impleaded with WILLIAM J. MERRITT and GEORGE H. TILTON, Defendants.

*Action in equity to restrain the prosecution of an action in the City Court of New York — action to review the exercise of discretion by another court — when it will not be entertained.*

In an action brought by one Robert A. Hollister to restrain the further prosecution of an action pending in the City Court of New York, it appeared that James M. Sinclair and another commenced an action in the City Court against Hollister and Messrs. Merritt and Tilton, all of whom were at one time partners under the firm name of William J. Merritt & Co., the action being founded upon a promissory note made by that firm.　In that action Hollister interposed a separate answer, in which he alleged that he was not, at the time of the giving of the note, a member of the firm.　The cause coming on for trial in the City Court, the court dismissed the complaint as to Hollister, and judgment was entered in accordance with such direction; but whether the judgment was entered by Sinclair's attorneys or by the plaintiff's attorney was in dispute.　An appeal was taken by the Sinclairs to the General Term of the Court of Common Pleas, where so much of the judgment as dismissed the complaint as to Hollister was reversed.　Hollister then moved in the City Court for leave to serve a supplemental answer, setting up the judgment against Merritt and Tilton as a bar, which motion was denied, and the order denying it was affirmed on an appeal to the General Term of the Court of Common Pleas.

*Held*, that the question as to the denial of such motion having been reviewed by the only tribunal having authority to determine whether or not the discretion of the Special Term of the City Court had been properly exercised, it was disposed of for all time;

That it was not the duty of a court of equity, nor had it the power, to constitute itself, in effect, an appellate tribunal for the purpose of determining whether the discretion exercised by another tribunal was exercised in a manner agreeable to its conscience;

That a court of equity should not interfere,

*First,* because the acts complained of were performed by a court having juris-
diction over the subject-matter of the action, and full authority for the proced-
ure taken;

*Second,* because, even if a court of equity had power to grant the relief asked
for, its exercise in this case would not be in harmony with equitable principles.

APPEAL by the plaintiff, Robert A. Hollister, from a judgment of
the Supreme Court in favor of the defendants, James M. Sinclair
and another, entered in the office of the clerk of the county of New
York on the 15th day of August, 1894, upon the decision of the
court rendered after a trial at the New York Special Term dismiss-
ing the plaintiff's complaint as to said defendants.

*Reginald H. Arnold,* for the appellant.

*Artemas B. Smith* and *Arthur L. Henthorn,* for the respondents.

PARKER, J.:

By means of this suit the plaintiff sought to obtain from a court
of equity a judgment restraining the defendants Sinclair from the
further prosecution of an action then pending in the City Court of
New York against three defendants, Messrs. Merritt, Tilton and
this plaintiff, all of whom were at one time partners under the firm
name of William J. Merritt & Co.

The City Court action was founded upon a promissory note made
by Wm. J. Merritt & Co., and Hollister, the plaintiff in the present
action, interposed a separate answer, in which he alleged that he was
not, at the time of the giving of the note, a member of the firm.

The cause coming on for trial, the court came to the conclusion
that Hollister was not liable, and, therefore, dismissed the com-
plaint as to him, directing judgment as against the other two defend-
ants.    The entry of a judgment, in accord with this direction of the
court, furnishes the only excuse which the plaintiff has been able to
present for the bringing of this suit.    Hollister contends that the
action of the attorneys for the Sinclairs in entering a judgment
against Merritt and Tilton constituted an election on their part to
hold them only — an election which was made voluntarily and
without fraud or deceit practiced upon them by any one, the legal
effect of which was to deprive the Sinclairs of the right theretofore
existing of prosecuting Hollister upon that cause of action.

Whether the judgment was in fact entered by the Sinclairs' attorneys or by Hollister's attorneys seems to be in dispute. By some inadvertence the findings of fact upon that subject are in conflict, as are the pleadings and affidavits which the record contains. But we need not dwell upon this conflict, because, however that fact may have been determined, the judgment appealed from would not be affected.

After the entry of the judgment by some one, an appeal was taken by the plaintiffs Sinclair to the General Term of the Court of Common Pleas from so much of the judgment as dismissed the complaint as against defendant Hollister, resulting in its reversal.

Subsequently, the attorneys for Hollister and the Sinclairs agreed on a time for the retrial of the cause, but, prior to the day appointed, Hollister moved the court for leave to serve a supplemental answer setting up the judgment against Merritt and Tilton as a bar. Upon this motion, the parties seem to have brought to the attention of the court all of the facts, together with the evidence, in support of each side of the dispute as to whether Sinclairs' or Hollister's attorneys were responsible for the entry of the judgment.

The court denied the motion, whereupon an appeal was taken by Hollister to the General Term of the Court of Common Pleas, where the order was affirmed after a full consideration, as will appear from the following extract which we take from the opinion of the court:

" In the case before us, the facts disclosed were sufficient to invoke an exercise of the discretion of the court upon the question whether the appellant Hollister had waived his right to serve the proposed supplemental answer by agreeing to set the cause for trial on the issues raised by his original answer; upon the question whether, by delaying his motion more than two months after reversal of the judgment in his favor, he was not guilty of such *laches* as disentitled him to the relief; upon the question whether 'injustice would not be wrought by allowing such defense.' " (*Sinclair* v. *Hollister*, 41 N. Y. St. Repr. 352.)

The court had jurisdiction to pass upon the question whether a supplemental answer should be served, and the application for leave to serve was necessarily addressed to the judicial discretion of the court. In the performance of its duty, it determined to exercise

that discretion against the application of Hollister, and when that question had been reviewed by the only tribunal having authority to determine whether or not the discretion of the Special Term of the City Court was properly exercised, it was disposed of for all time.

It is not the duty of a court of equity, nor has it the power, to constitute itself, in effect, an appellate tribunal for the purpose of determining whether the discretion of another court was exercised in a manner agreeable to its conscience.

Waiving further comment, under this head, on the procedure in the City Court case, we come to the motion made by the Sinclairs at a Special Term of the City Court for an order vacating the judgment against Merritt and Tilton, which was granted.

In the memorandum granting the motion, the court said : " This is in furtherance of justice, works no hardship on either party and removes the technical objection the defendant Hollister raises." From this order Hollister took an appeal to the General Term of the Court of Common Pleas, where it was affirmed. We do not understand Hollister to contend on this appeal that the vacation of that judgment was without authority on the part of the court. But, however that may be, the authority conferred by section 724 of the Code is sufficient to justify the order made. Hollister then made a motion for a perpetual stay of any further prosecution of the action against him, which was denied. And as he asserts that the motion was, " perhaps, very properly denied by it, for the reason that such an application should more properly be made to this court," we may pass it without further comment.

Indeed, there remains nothing further to do, except to express the conclusion at which we have arrived, namely, that the trial judge properly dismissed the complaint :

(1) Because the acts, of which complaint is made, were performed by a court having jurisdiction over the subject-matter of the action, and full authority for the procedure taken.

(2) If the power of a court of equity to grant the relief asked for could be assumed, its exercise in this case would not be in harmony with equitable principles.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.